Merchants Savings & Loan Association of Kansas City, a Corporation, v. Ancona Realty Company, a Corporation, and American Surety Company of New York, a Corporation, Appellants. —72 S. W. (2d) 797.

Division One, June 12, 1934.

*Marcy K. Brown* for Ancona Realty Company.

*H. D. Kissenger* for American Surety Company.

*William B. Dickinson* and *Martin B. Dickinson* for respondent.

FRANK, J.—Marcy K. Brown and wife executed a deed of trust to William B. Dickinson, trustee for respondent, Merchants Savings & Loan Association, to secure a loan of $17,500 on certain real estate in Kansas City, Missouri. On May 1, 1929; said Brown and wife conveyed said real estate to appellant, Ancona Realty Company. On May 2, 1929, said trustee sold said real estate under said deed of trust, and at said sale respondent, Merchants Savings & Loan Association, purchased said property for $18,957.69.

Thereafter the Ancona Realty Company instituted in the Circuit Court of Jackson County the necessary statutory proceeding looking to the redemption of said property from said sale, tendering therewith a bond conditioned as required by law, in the sum of $2,-000 with the American Surety Company of New York as surety thereon. This bond was approved by the circuit court. The Ancona Realty Company failed to redeem the property within the time specified in said bond or at any other time. Thereafter the Merchants Savings & Loan Association filed a motion in the same proceedings asking for judgment on the bond in accordance with its

terms. The principal and surety on the bond filed answer to said motion. The cause was tried and resulted in a judgment for $2,097.26 in favor of Merchants Savings & Loan Association.

We do not have jurisdiction of this case, therefore, we will not discuss or determine the many questions raised by appellants.

This is a plain suit to recover money. The amount of the judgment is below our monetary jurisdiction. Title to real estate is not involved, and there is no constitutional question in the case. Appellants attempted to raise a constitutional question in the motion for new trial, but that was a belated effort. It is settled law that in order to confer jurisdiction on this court on the ground that a constitutional question is involved in the case, the question must be raised at the earliest possible opportunity, and kept alive throughout the proceedings. The constitutional question which appellants attempted to raise in the motion for new trial, could have been raised in their answer to the motion for judgment. The attempt to raise the question in the motion for new trial came too late. There are cases in which the motion for new trial affords the first opportunity to raise a constitutional question, but such is not the situation in this case.

We are without jurisdiction, and for that reason, the case should be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.